**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUZANNE BROWN** | **CIVIL ACTION** |
| **v.** | **NO.  25-2859** |
| **STC OPCO, LLC d/b/a ST. CHRISTOPHER'S HOSP. FOR CHILDREN and TOWER HEALTH.** | |

<u>**MEMORANDUM RE: PARTIAL MOTION TO DISMISS**</u>

**Baylson, J.**                                                                          **September 25, 2025**

Plaintiff Suzanne Brown ("Plaintiff") commenced this action asserting violations of the Age Discrimination in Employment Act ("ADEA") and the Philadelphia Fair Practices Ordinance ("PFPO").  Defendants STC OpCo, LLC (d/b/a St. Christopher's Hospital for Children) and Tower Health seek partial dismissal of her claims ("Defendants").  Defendants' Partial Motion to Dismiss is **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

On or about January 22, 2021, Defendants allegedly hired Plaintiff as the Director of Pharmacy Services at St. Christopher's Hospital.  Amended Complaint ("Am. Compl.") ¶ 24, ECF 11.  In this role, Plaintiff allegedly implemented policies and procedures relating to drug storage reviews to check for expiration dates.  Id. ¶ 26.

In or around September 2022, Plaintiff allegedly hired Uzoamaka Atuegwu (believed to be in her 30s) as an Assistant Director.  Id. ¶ 27.  Ateugwu was allegedly responsible for ensuring the drug reviews were done and the required paperwork for the drug reviews were completed.  Id. ¶ 28.  In or around October 2023, Tower Health allegedly hired Stephanie Goldman (believed to also be in her 30's) as the Director of Pharmacy for Pottstown Hospital.  Id. ¶ 29.  Allegedly, approximately two weeks after Goldman was hired, her title was changed to Regional Director of

Pharmacy.  Id. ¶ 30.  This was allegedly a newly created position title, and Defendants allegedly did not post the position or inform Plaintiff or her older colleagues of the open position, preventing them from applying for the position.  Id. ¶¶ 30–32.

In or around November 2023, the Pennsylvania Department of Health allegedly conducted an inspection on the pharmacy at St. Christopher's Hospital where Plaintiff worked.  Id. ¶ 33.  The inspector allegedly found a liquid medication that had expired (per the records that the pharmacy technician made) but allegedly had not actually expired (per the manufacturer's expiration date on the bottle).  Id. ¶¶ 34–35.  Nevertheless, the inspector allegedly noted that the liquid medication had expired.  Id. ¶ 36.

On or about November 17, 2023, Plaintiff allegedly met with Tyler Shugarts, St. Christopher Hospital's Chief Transformation Officer overseeing Pharmacy, and Pamela Hernandez, Corporate Vice President of Human Resources.  Id. ¶ 37.  Shugarts and Hernandez allegedly terminated Plaintiff because the inspector noted that the liquid medication was expired even though allegedly the medication was not actually expired.  Id. ¶¶ 38, 40.  Allegedly, Shugarts even noted that he did not think that the inspector knew what they were doing.  Id. ¶ 39.  Plaintiff allegedly had not received any prior warnings or disciplines before her termination, and her most recent performance evaluation allegedly received top scores of "Outstanding."  Id. ¶¶ 41–42.  Plaintiff allegedly was 61 years old at the time of her termination.  Id. ¶ 44.

Following Plaintiff's termination, Defendants allegedly promoted Goldman to Corporate Vice President of Pharmacy and Atuegwu to Director of Pharmacy Services at St. Christopher's Hospital.  Id. ¶ 43.

On May 20, 2024, Plaintiff filed a Charge of Discrimination with the EEOC that was dually filed with the Pennsylvania Human Relations Commission ("PHRC").  Id. ¶¶ 16–17.  Plaintiff did

not file an administrative complaint with the Philadelphia Commission on Human Relations ("PhilaCHR").  See id. ¶ 20 n.1.  On March 5, 2025, the EEOC issued the parties a Determination and Notice of Rights, closing its investigation of Plaintiff's Charge and providing Plaintiff with a right to sue with respect to her federal claims.  Id. ¶ 18.

On June 3, 2025, Plaintiff filed a Complaint, bringing age discrimination claims under the ADEA (Count I), the Pennsylvania Human Relations Act ("PHRA") (Count II), and the PFPO (Count III).  ECF 1.  On August 1, 2025, Defendants filed a Motion for Partial Dismissal of Plaintiff's Complaint on the grounds that (a) Plaintiff's state law PHRA claims were time-barred; and (b) Plaintiff failed to exhaust administrative remedies for her PFPO claims.  ECF 9.  On August 19, 2025, Plaintiff filed an Amended Complaint, bringing age discrimination claims under the ADEA (Count I) and the PFPO (Count II).  ECF 11.  Plaintiff did not assert PHRA claims in her Amended Complaint.  Id.

On August 29, 2025, Defendants filed a Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF 13), which Plaintiff opposed on September 12, 2025 (ECF 15).

## II.    THE PARTIES' CONTENTIONS

### A.  Defendants' Contentions

Defendants' Partial Motion to Dismiss focuses specifically on Plaintiff's PFPO claims, and that Plaintiff failed to exhaust her administrative remedies for those claims.  ECF 13-1.  Defendants argue that because Plaintiff did not file a complaint with the PhilaCHR and only filed claims with the EEOC and the PHRC, her PFPO claims were not administratively exhausted.  Id.

Defendants note a split in the decisions in this district, whereby there are two lines of cases. Id. at 5–6.  The first line of cases concludes that the administrative exhaustion requirement under the PFPO can be met by filing with the EEOC and/or the PHRC, if the facts and allegations are

the same as those at issue in the PFPO claims. Id. (citing Higgins v. MetLife Inc., 687 F. Supp. 3d 644, 650 (E.D. Pa. 2023) (Beetlestone, J.)). On the other hand, the second line of cases finds that PFPO claims can only be exhausted by filing a complaint with the PhilaCHR. Id. at 6 (citing Alvarado-Jones v. Victoria's Secret Stores, LLC, No. 2:25-CV-1505, 2025 WL 1710055, at *5 (E.D. Pa. June 18, 2025) (Kearney, J.)). Defendants argue that a growing number of judges in this district have adopted the second view over the last few years, and therefore, the Court should adopt the second view. Id. (collecting cases).

Defendants further argue that the statute obligates claimants to exhaust administrative remedies for PFPO claims with the PhilaCHR before filing. Id. at 6–9. Defendants point to Phila. Code § 9-1122(1)-(2), which states, in relevant part:

> (1) If a complainant invokes the procedures set forth in this Chapter, that person's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the [PhilaCHR], the [PhilaCHR] dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the [PhilaCHR] must so notify the complainant. On receipt of such a notice the complainant may bring an action in the Court of Common Pleas of Philadelphia County based on the right to freedom from discrimination granted by this Chapter.

> (2) An action under this Section shall be filed within two years after the date of notice from the [PhilaCHR] closing the case. Any action so filed shall be served on the [PhilaCHR] at the time the complaint is filed in court. The [PhilaCHR] shall notify the complainant of this requirement.

Phila. Code § 9-1122(1)-(2).

Defendants argue the conditional word "if" means the PFPO "expressly requires" certain procedural steps for exhaustion before suing, including filing a complaint with the PhilaCHR, if the PhilaCHR dismisses the complaint or has not entered into a conciliation agreement within a year of the filing of the complaint, the PhilaCHR must notify the complainant, and within two years of receipt of the notice, the individual may file PFPO claims in court. ECF 13-1 at 7–9 (citing Phila. Code §§ 9-1112(1), 9-1122(1)).

4

Lastly, Defendants argue the PFPO's language mirrors provisions in Title VII and the PHRA, which have been interpreted as requiring administrative exhaustion of claims at the EEOC and the PHRC, respectively, prior to filing suit.  Id. at 9–11.

### B. Plaintiff's Contentions

Plaintiff also recognizes the decisions are not consistent in this district.  ECF 15-1 at 4. Plaintiff notes, however, the majority of the case law in this district supports the first view—the claimant can administratively exhaust claims under the PFPO by filing with the EEOC and/or the PHRC even if the claimant does not file with the PhilaCHR.  Id. at 5–6 (citing Higgins v. MetLife Inc., 687 F. Supp. 3d 644 (E.D. Pa. 2023) (Beetlestone, J.)); see also Richards v. Foulke Associates, Inc., 151 F. Supp. 2d 610, 616 (E.D. Pa. 2001) (O'Neill, J.) (predicting that the Pennsylvania Supreme Court would interpret the PFPO as requiring Philadelphia employees to exhaust administrative remedies "through either the [PhilaCHR] or the PHRC"); Medlock v. Children's Hosp. of Philadelphia, No. 25-124, Slip. Op. at pp. 3-4 (E.D. Pa. Aug. 19, 2025) (Diamond, J.) (ECF 15-2).  Notably, Plaintiff does not dispute that her PFPO claim must be administratively exhausted.  ECF 15-1 at 4.

Plaintiff further points to several cases from Pennsylvania state courts which support the position that the requirement to exhaust administrative remedies under the PFPO is met by filing with the EEOC and/or the PHRC.  Id. at 6–7, 9–10; see, e.g., Marriott Corp. v. Alexander, 799 A.2d 205, 208 (Pa. Commw. Ct. 2002) ("Employee is required to exhaust administrative remedies available through the [PhilaCHR] **or** [PHRC] before filing a civil action under the [PFPO].") (emphasis added); Jones v. Foods on First III, Inc., No. 177 EDA 2024, 2025 WL 2448126, at *7 (Pa. Super. Ct. Aug. 26, 2025) ("Although not binding on this Court, we find the thorough and well-reasoned analysis provided by the district court in Higgins persuasive, and therefore hold that

the PFPO does not require a complainant to file a complaint with the Philadelphia Commission prior to filing a suit in state court if a submission relating to the same conduct has been made with the PHRC."); see also Ellis v. Moran Foods, No. 2305 EDA 2023, 2025 WL 2048838 (Pa. Super. Ct. July 22, 2025) (non-precedential) (discussing administrative exhaustion requirement under the PHRA and PFPO claims).

In footnotes, Plaintiff argues the plain text of Section 9-1122(1) does not require a claimant to invoke the administrative procedures before pursuing the PFPO claims in court. ECF 15-1 at 8 n.2. Plaintiff points to the word "if" and notes that the text does not provide the inverse, namely that a claimant **must** invoke the procedures under the PFPO to pursue a right of action in court or that a claimant **may not** bring an action in court without receipt of notice from the PhilaCHR. Id. at 8 nn.2, 3 (citing Higgins, 687 F. Supp. 3d at 652-53). Rather, Section 9-1122(1) provides that a claimant may still seek judicial recourse after invoking the procedures of the PFPO. Id. at 8–9.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Sciences, 961 F.3d 203, 208 (3d Cir. 2020), but may not

"assume that [the plaintiff] can prove facts that it has not alleged[,]" <u>Twombly</u>, 550 U.S. at 563 n.8 (quoting <u>Associated Gen. Contractors of Cal., Inc. v. Carpenters</u>, 459 U.S. 519, 526 (1983)).

## IV.    DISCUSSION

The parties are correct that there is a split in the decisions in this district.  There is no Third Circuit case on point.  However, I agree with Plaintiff that the exhaustion requirement under the PFPO can be met by filing with the EEOC and/or the PHRC.  As noted, the majority of the case law in this district finds that a claimant can administratively exhaust claims under the PFPO by filing with the EEOC and/or the PHRC even if the claimant does not file with the PhilaCHR.  <u>See, e.g.</u>, <u>Higgins</u>, 687 F. Supp. 3d at 651 (collecting cases).

Moreover, Phila. Code § 9-1112(1) explicitly states: "Any person claiming to be aggrieved by an unlawful employment, public accommodation or housing and real property practice **may** make, sign and file with the [PhilaCHR] a verified complaint in writing which **shall** state the name and address of the person or persons alleged to have committed the unlawful practice and the particulars thereof.  The complaint **shall** also contain such other information as may be required by the [PhilaCHR]."  Phila. Code § 9-1112(1).  The presence of "may" with "make, sign, and file" a "verified complaint" (compared to "shall" later in the statute) indicates that it is permissive, not mandatory, for a claimant to file a complaint with the PhilaCHR.  Indeed, the statute plainly says that no dual filing with the PHRC is permitted.  <u>See</u> Phila. Code § 9-1112(4) ("The [PhilaCHR] shall not accept a complaint from any person who has filed a complaint with the [PHRC] with respect to the same grievance.").

Furthermore, the undersigned previously concluded that a PFPO claim can be administratively exhausted simply by filing an administrative claim with the EEOC and/or the PHRC, even if the claimant does not file with the PhilaCHR.  <u>Newsome v. City of Phila.</u>, No. 2:19-

7

CV-5590, 2021 WL 2810289, at *4 (E.D. Pa. July 6, 2021) (Baylson, J.) (relying on <u>Vandegrift v. City of Phila.</u>, 228 F. Supp. 3d 464 (E.D. Pa. 2017) (Kearney, J.)).  As Defendants note, Judge Kearney's later opinion in <u>Alvarado-Jones</u> held that PFPO claims can only be exhausted by filing a complaint with the PhilaCHR.  <u>See</u> ECF 13-1 at 14–15; <u>Alvarado-Jones</u>, 2025 WL 1710055, at *5 (concluding PFPO claims can only be exhausted by filing a complaint with the PhilaCHR). Although this may be opposite of Judge Kearney's opinion in <u>Vandegrift</u> (relied on in <u>Newsome</u>), this is irrelevant.  As discussed, the more established line of cases in this district, as well as a plain reading of the statutory language, indicates that the statutory language is permissive.  <u>See</u> Phila. Code §§ 9-1112(1), 9-1122(1).  Therefore, a PFPO claim can be administratively exhausted by filing an administrative claim with the EEOC and/or the PHRC, even if the claimant does not file with the PhilaCHR.  ECF 15-1.  Here, Plaintiff timely filed a Charge with the EEOC and PHRC on May 20, 2024 (Am. Compl. ¶¶ 16–17), and thus the Court will not dismiss the Complaint.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss (ECF 13) is **DENIED**. An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-2859 Brown v. STC OPCO, LLC et al\25-2859 Memo re MTD.docx